| | | |
|---|---|---|
| Yahya Altam, | ) | |
| A46-132-266 | ) | |
| Plaintiff, | ) | COMPLAINT FOR A |
| | ) | WRIT IN THE |
| | ) | NATURE OF A |
| | ) | MANDAMUS |
| -against- | ) | |
| | ) | '07 CIV 3853 |
| MICHAEL CHERTOFF, SECRETARY OF THE | ) | |
| DEPARTMENT OF HOMELAND SECURITY | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR MANDAMUS

Comes now the Plaintiff, Yahya M. A. Altam aka Yahya Mohsen Altam ("Plaintiff or "Mr. Altam"), by and through his attorneys, the Law Office of Jan H. Brown, PC and pleads as follows:

## I. INTRODUCTION

1. This is an individual action for mandamus. It seeks to compel Defendant, Department of Homeland Security and its responsible officials, to adjudicate the Plaintiff's pending N-400 application and naturalize him accordingly.

## II. JURISDICTION

2. This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 5 U.S.C. §§ 555(b) & 706(1), the Administrative Procedures Act; 8 U.S.C. §1329, Immigration & Naturalization Act, and 28 U.S.C. §

1

1361, regarding an action to compel an officer of the United States to perform his or her duty.

## III. VENUE

3.  28 U.S.C. § 1391(e), as amended, provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or is an agency of the United States, the action may be brought in any judicial district in which a defendant in the action resides. Plaintiff is a resident of the Southern District of New York, and Defendant Michael Chertoff, being sued in his official capacity, is the Secretary of the Department of Homeland Security, an agency of the United States. The Department of Homeland Security does business in this District.

4.  The District Courts have jurisdiction to issue writs of mandamus. The All Writs Act, codified at 28 U.S.C. §1651(a), conveys jurisdiction over writs of mandamus to federal appellate courts. *See, e.g.*, Vizcaino v. U.S. Dist. Court for Western Dist. of Washington, 173 F.3d 713, 718-19, 23 Employee Benefits Cas. (BNA) 1209, 99-1 U.S. Tax Cas. (CCH) P 50531, 43 Fed. R. Serv. 3d 1355, 84 A.F.T.R.2d 99-5108 (9th Cir. 1999). *See also* Ramon-Sepulveda v. I.N.S., 824 F.2d 749, 750 (9th Cir. 1987) (court assumes jurisdiction without discussion, when issuing mandamus to compel INS to terminate proceedings in accordance with court's prior decision). Under the All Writs Act, this Court may issue "'all writs necessary or appropriate in aid of their respective

jurisdictions and agreeable to the usages and principles of law." *Vizcaino*, 173 F.3d at 718-19 (9th Cir.1999) (citing to and quoting from 28 U.S.C. §1651(a)).

## IV. PLAINTIFF

5. Mr. Altam is a native and citizen of Yemen, and a lawful permanent resident of the U.S. since January 12, 1998 under file A46-132-266. The Plaintiff resides in the United States in New York, New York, county of New York.

## V. DEFENDANT

6. Defendant Michael Chertoff is the duly appointed Secretary of the Department of Homeland Security. He is named in his official capacity.

7. Mr. Chertoff, as the Secretary, is charged with the responsibility for delegating his discretion to the Department of Homeland Security's U.S. Citizenship and Immigration Services' ("USCIS") Vermont Service Center ("VSC") located at 75 Lower Welden St., St. Albans, VT.

## VI. FACTUAL ALLEGATIONS

### A. History of the case

8. The Plaintiff married Wafa Nasser Hezam Nagi, a U.S. citizen, on September 5, 1995. They subsequently had two U.S. citizen children.

9. Mr. Altam was granted permanent residence on January 12, 1998 (Exhibit A, copy of Permanent Resident Card).

3

10. The Plaintiff filed an application for naturalization ("N-400") that was received by USCIS on July 12, 2004 (Exhibit B, Receipt).

11. Mr. Altam attended an interview on August 30, 2005. Mr. Altam passed the English test and followed the instructions of USCIS in all matters (Exhibit C).

12. After two inquiries concerning the delay in the processing of his case, Mr. Altam was informed by mail from USCIS that his case has been delayed due to "pending security checks" (Exhibit D).

**B.    Mandamus jurisdiction is properly invoked under U.S.C. Section 1361.**

13. Over two and a half years has passed since the Plaintiff filed his application. Mandamus has been granted in a similarly-timed case (*Yu v. Brown*, 36 F.Supp.2d 922, 933-34 (D.N.M. 1999), where mandamus was made available when an applicant had waited 2 ½ years for a petition to be adjudicated). Thus, this claim is clear and certain.

14. The USCIS website reported that, as of March 8, 2007, the New York City office was adjudicating N-400 applications received on July 20, 2006, for a processing time of under six months (Exhibit E: USCIS website excerpt). The Plaintiff filed on July 12, 2004, so his file has taken approximately thirty-one months to adjudicate. Mandamus has been granted and EAJA fees paid where a petition took an inordinate amount of time to process (*Harriett v. Ashcroft*, 277 f.Supp.2d 538, 542-45 (E.D. Pa. 2003)).

15. The duty owed by the Defendant is ministerial, plainly described, and clear from doubt. Mandamus has been used to compel the Department of Homeland

Security to adjudicate petitions, which is clearly within its employees' duties (*Jefrey v. INS*, 710 F. Supp. 486 (S.D.N.Y. 1989)).

16. The Plaintiff has no other remedy other than INA §336(b) [8 USCA § 1447(b), which states that when a naturalization application has not been processed within 120 days, the applicant "***may apply*** to the United States district court...for a hearing on the matter" (emphasis added)(*Id.*). Therefore, INA §336(b) is discretionary, and so does not currently apply. Furthermore, it is in the interest of efficiency that the Plaintiff herein requests that his pending application be adjudicated under mandamus; if he voluntarily applied to the district court under INA §336(b), he would be introducing a whole new case and would cause more work for the court system.

## VII. CLAIMS

17. The Defendant has taken an unreasonable amount of time to adjudicate the Plaintiff's naturalization application, thereby depriving him of the right to become a citizen of the United States and to allow that peace of mind to which the Plaintiff is entitled to under the Immigration and Nationality Act.

18. The Defendant has unreasonably and without substantial justification failed to perform his duty.

19. The Plaintiff has exhausted any administrative remedies that may exist.

WHEREFORE, Plaintiff prays that the Court:

(1) Assume jurisdiction of this case;

(2) Compel the Defendant and those acting under him to perform their duty adjudicate the Plaintiff's pending N-400 application and naturalize him accordingly.

(3) Grant such other and further relief as this Court deems proper under the circumstance; and

(4) Award the Plaintiff his attorney's fees and costs of court pursuant to the Equal Access to Justice Act (EAJA) or other applicable law.

Dated: New York, New York
　　　　May 16, 2007

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Law Office of Jan H. Brown, PC
　　　　　　　　　　　　　　　　Jan H. Brown, Esq.
　　　　　　　　　　　　　　　　225 W. 57th St., Ste. 301
　　　　　　　　　　　　　　　　New York, NY 10019

　　　　　　　　　　　　　　　　Counsel for Plaintiff